GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant U.S. Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-23-00555-PHX-DWL |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Erikia Annette Hudson, | |
| Defendant. | |

The United States respectfully requests the Court sentence ERIKIA ANNETTE HUDSON (Defendant) to 12 months and 1 day incarceration, followed by a 3-year term of supervised release.

## I.     BACKGROUND

On April 11, 2023, a 10-count indictment with forfeiture allegations was filed in the U.S. District Court, District of Arizona, Phoenix which charged Defendant with Counts 1 through 3, Wire Fraud, in violation of 18 U.S.C. § 1343, and Counts 4 through 10, False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A) (Doc.1). On April 30, 2024, Hudson pleaded guilty to Counts 2 and 4 of the indictment, which included one count of Wire Fraud and one count of  False Statement During the Purchase of a Firearm Arm, pursuant to a written plea agreement. (See PSR ¶.)  The parties stipulate Defendant's sentence shall not exceed  the low end of the sentencing range. (See

PSR ¶ 3.) She also agreed to pay restitution in an amount of $28,677 to the Small Business Administration. Pursuant to Fed.R. Crim. P. 11(c)(1)(A), the Government, at the time of sentencing, shall dismiss Counts 1, 3, and 5 through 10 of the indictment. The defendant agrees to forfeit the 15 firearms listed in the Plea Agreement. (*See* PSR ¶¶ 2 and 3.)

Regarding the Wire Fraud counts, Defendant applied for an EIDL loan for a maid and cleaning service owned and operated by Hudson that did not exist and fraudulently received funds.   (See PSR ¶¶ 6-12.) She subsequently submitted a PPP application with the business name of "Erikia   Hudson" identified as a childcare business. *Id.* On the application, she indicated the business had an earned gross income of $89,655 for tax year 2020.  *Id.* A query of the business contained on the application revealed no  results, evidencing that the business was fictitious.  *Id.*  On May 18, 2021, Hudson's Bank of America account received a deposit of $18,677 from the PPP loan ending in 8909. Within one month, the entire deposit was withdrawn from  the account. *Id*. The funds were spent on nonbusiness related items, living expenses, court fines and fees, and dental and orthodontist expenditures. *Id.* She later, applied for loan forgiveness indicating she had spent the money to run her business, which she received. *Id*.

According to federal tax return summaries for tax year 2020, Hudson reported $32,292 in  wages; $31,309 in wages for 2021; and $35,575 for 2022. No business income was reported for any of  the mentioned tax years. (*See* PSR ¶ 13.)

Regarding the False Statements During the Purchase of Firearms,  Canadian enforcement alerted the Bureau of Alcohol Tobacco, Firearms and Explosives (ATF) that a firearm Defendant purchased turned up in a drug crime. (*See* PSR ¶¶ 15 and 16.)  ATF later discovered Defendant had purchased a total of 18 firearms from Federal Firearms Licensees s in Arizona  from March through July 2022, and provided a false address on each of the corresponding ATF Form 4473s.  *Id*.  Defendant admitted that she had purchased roughly 20 firearms, but she lied to ATF regarding the location of the firearms and agents believe she staged a false break-in to her storage locker to cover up the lie.  (*See* PSR ¶17.)

## II.    SENTENCING GUIDELINES

The PSR accurately calculates the Sentencing Guideline Range at 15 to 21 months incarceration based on a Total Offense Level of 14 and a Criminal History Category of I. PSR at 17.  The Probation Officer recommends a sentence of 12 months and 1 day on each count to run concurrently as well as a total of 3 years supervised release. *Id.*  The United States agrees.

## III.   UNITED STATES SENTENCING RECOMMENDATION

The United States believes a total sentence of 12 months and 1 day, which allows for a credit for good time and is below the low-end of the guidelines, is appropriate since the current offenses are Defendant's first felony convictions and the offenses are nonviolent in nature.  However, it is apparent Defendant has been her life by committing fraud for several years, presumably thinking she would not be caught.  She was likely also making money selling firearms or making straw purchases for another person since two of the eighteen firearms she purchased turned up in crimes, with a time-to-crime of 72 and 39 days respectively. (*See* PSR ¶ 17.)  Therefore, a term of incarceration is necessary to serve as a deterrent and just punishment.  Payment of restitution is also imperative to serve as a further deterrent to future fraud.  Three years of supervised release with conditions restricting and monitoring financial transactions will also protect the public from future frauds and serve as an additional deterrent.

## IV.   CONCLUSION

The United States respectfully requests that Court sentence Defendant to 12 months and 1 day of incarceration followed by three years of supervise release.

Respectfully submitted this 19th  day of August, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/Sheila Phillips*

SHEILA PHILLIPS
Assistant U.S. Attorney

3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2024, I electronically transmitted the above Sentencing Memorandum for filing to the following CM/ECF registrant:

Matthew Bartz, Attorney for the Defendant

*s/ Carlton Covington*
U.S. Attorney's Office